**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ARTHUR L. HAIRSTON, SR., | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 07-3673 (JBS) |
| v. |  |
| CHARLES SAMUELS, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

    ARTHUR L. HAIRSTON, SR., #03705-087
    F.C.I. Fort Dix
    P.O. Box 38
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

Arthur L. Hairston, Sr., a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the constitutionality of 28 U.S.C. § 1915(b) as applied to him. This Court will summarily dismisses the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a properly filed civil rights complaint.

## I.  BACKGROUND

Petitioner asserts that he "[r]eceives only eleven cents per hour from the B.O.P. slave wages [and] money received as a gift from family who are living on the borderline of poverty [which he

uses] for the phone, hygiene, soap powder to wash clothes and what little commissary the Petitioner can afford." (Mem. of Law, ¶ 5.) He further alleges that 28 U.S.C. § 1915(b) is unconstitutional because it "is allowed to work congruently with a bureau of prisons counselor to extort money from inmates to pay for filing fees that an inmate does not have." (Id., ¶ 3.) Petitioner asserts that he "just does not have the money to be forced into a situation where two dollars are taken for every 10 dollars." (Id. ¶ 10.) He asserts that application of 28 U.S.C. § 1915(b) to him violates his rights under the First and Eighth Amendments by "extortion, extracting funds from an inmate below poverty who has a relationship with a family who needs to phone his family who needs hygiene and some type of supplement to the mess hall food." (Id. ¶ 8.) He seeks the following relief:

> Wherefore in light of the foregoing reasons the Petitioner respectfully request[s] that the court issue an order for the District Court and the Bureau of Prisons, the Justice Dept. to stop taking money from the Petitioner's Commissary account balance until this 2241 is decided.
>
> The Petitioner respectfully request[s] that the withdrawals stop until the appeals process is finished all the way to the Supreme Court. The Petitioner respectfully request[s] that the Court Grant the motion.

(Mem. of Law, Conclusion.)

## II.   STANDARD OF REVIEW

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

## III.   DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

provides that, if a prisoner is granted permission to file a civil complaint in forma pauperis, then the Court is required to assess the filing fee (currently $350.00) against the prisoner, and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account (equal to 20% of the preceding month's income credited to the account) each month that the balance of the account exceeds $10.00.  See 28 U.S.C. § 1915(b).

Although Petitioner does not so assert, this Court's docket shows that this Court has assessed filing fees against Petitioner, pursuant to 28 U.S.C. § 1915(b), in civil actions entitled Hairston v. Nash, Civil No. 06-0358 (JBS) (D.N.J. filed Jan. 25, 2006), Hairston v. Nash, Civil No. 06-4893 (JBS) (D.N.J. filed Oct. 12, 2006), and Hairston v. Samuels, Civil No. 06-4894 (JBS) (D.N.J. filed Oct. 12, 2006).

Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.  The Third Circuit explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

4

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner asserts that § 1915(b) is unconstitutional as applied to him.  He seeks an order directing the Bureau of Prisons to cease withdrawing money from his prison account pursuant to 28 U.S.C. § 1915(b).  The problem with the Petition is that, even if § 1915(b) is unconstitutional, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Because a judgment in Petitioner's favor, i.e., an order directing Respondent to cease deducting installment payments from his prison account, would not necessarily affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable and a civil complaint

5

is the appropriate form of remedy.[1]  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil rights complaint.[2]  See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

---

[1] The Court makes no finding that such a claim would be meritorious.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil rights complaint is $350.00.  Inmates filing a civil rights complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments which are deducted from the prison account. See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil rights complaint.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil rights complaint.

                                        **s/ Jerome B. Simandle**
                                        **JEROME B. SIMANDLE, U.S.D.J.**

Dated:    **August 28**, 2007